[No. 789.   Decided February 23, 1893.]

C. C. CHERRY AND C. R. PARKES, *Respondents*, v. J. M. ARTHUR *et al.*, *Appellants*, AND TABOR A. SHERMAN *et al.*, *Respondents*.

FIXTURES — PLANER — CONDITIONAL SALE — TITLE OF MORTGAGEE.

A planer used in a sawmill, although some fastening be necessary to its use, is not such a fixture as to pass with a mortgage of the realty, as against one retaining title to the machine in himself, under a contract of conditional sale.

Where a machine is sold conditionally, a portion of the price to be cash and the balance conditional sale notes, the fact that the purchaser does not pay the cash, but subsequently mortgages real estate to secure the cash payment, no agreement being made for the surrender of the conditional sale notes, does not render the sale absolute.

*Appeal from Superior Court, Pierce County.*

*Greene & Turner*, for appellants.

*Stevens, Seymour & Sharpstein*, for respondents.

The opinion of the court was delivered by

STILES, J.— Respondent Sherman made to respondents Cherry and Parkes a mortgage of certain real estate, "together with the sawmill, machinery, out-buildings, appurtenances and fixtures of any and all kinds belonging to the same." Among the machinery in the mill was a planer, which was bolted to the floor in such a way as to keep it from moving from its place when being used. Its only connection with the motive power was by a belt over a pulley wheel. This planer had been delivered to Sherman by appellant Arthur under a conditional sale contract, which was effectual to retain the title in appellant as between him and Sherman — *De Saint Germain v. Wind*, 3 Wash. T. 189 (13 Pac. Rep. 753); *Dodd v. Bowles*, 3 Wash. T. 383 (19 Pac. Rep. 156) — whether it were fastened to the building or not, so long as it did not become a part of the realty.

In ascertaining whether such a machine does become part of the realty in favor of mortgagees, the rule is, that the manner, purpose and effect of annexation to the freehold must be regarded. If a building be erected for a definite purpose, or to enhance its value for occupation, whatever is built into it to further those objects, becomes a part of it, even though there be no permanent fastening such as would cause permanent injury if removed. But mere furniture, although some fastening be necessary to its advantageous use, is removable. Peculiarly subject to this rule are machines which can be used in one place as well as another, and which add nothing to the building, though they may be of advantage to the business conducted there; and we think the planer in this case is of the class mentioned (*McConnell v. Blood*, 123 Mass. 47), especially as Cherry & Parkes were not mortgagees for value, but to secure a pre-existing debt.

But a point is made that the appellant had taken other security for the unconditional payment of the price of the planer, and that for that reason the sale should be held to become absolute.   The price of the planer was eight hundred dollars, one-half of which was to be paid in cash, the conditional sale notes, under which the possession of the machine was claimed, covering the remainder.   No cash was paid, but considerable time was conceded.   When that time had expired, appellant took from Sherman a mortgage of real estate to secure the cash payment on the planer and certain other indebtedness then due.   There was no pretense of any settlement between appellant and Sherman, and no agreement to surrender the conditional sale notes. Under these facts we see no reason for disturbing the contract between the parties.   Appellant contracted for cash, but he has been compelled to accept a substitute in the shape of a mortgage, and as to the conditional portion of the arrangement, there has been no change.   Cherry & Parkes, at least, have no right to complain, for they have parted with nothing, but are purely voluntary mortgagees.

The decree will be reversed, and a new decree entered in accordance with this opinion.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.