[No. 3937.   Decided December 21, 1901.]

M. P. ZINDORF, *Respondent,* v. WESTERN AMERICAN COMPANY, *Appellant.*

PROCESS — SERVICE ON DOMESTIC CORPORATION — JURISDICTION — QUESTION FOR TRIAL COURT.

The finding of the lower court as to the legality of service upon a domestic corporation will not be disturbed on appeal so as to deprive that court of jurisdiction, where its decision is based upon a disputed question of fact as to whether or not the corporation had an office in the county or an officer therein upon whom service could be made, unless the lower court is clearly shown to have been wrong in its conclusions.

CONVERSION — MEASURE OF DAMAGES.

Where goods have been wrongfully converted by one to his own use, demand for their return or payment is unnecessary on the part of the owner prior to suit, and the fact that he makes such demand would not alter the character of his right of action nor fix his measure of damages at the value of the goods at the time of demand, but the true measure of damages would remain the value at the time the goods were wrongfully taken.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.· Affirmed.

*George E. Wright,* for appellant.

*John F. Dore* and *James J. McCafferty,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought in King county by respondent to recover from appellant the sum of $486.92, for alleged unlawful conversion of certain personal property belonging to respondent. The appellant is a domestic corporation. The summons was served upon the superintendent of the appellant company in Pierce county, Washington. The date of this service does not appear. The complaint was filed on April 17, 1900.

Neither the complaint nor the summons, nor the return of service thereof, shows where any office of the company was maintained, or where any officer thereof resided. On the 18th of April, 1900, appellant made a special appearance in the cause, and moved the court to dismiss the cause upon the ground that the court had no jurisdiction thereof. At the same time there was filed an affidavit of the vice president of the company, in which it was stated that "the said defendant does not now have, and for a long time past, to-wit, the period of several months, has not had any office for the transaction of business within the above named King county, and all its offices for the transaction of business are, and for several months last past have been, within Pierce county, state of Washington, and all the persons upon whom process may be served against the said defendant reside, and for several months last past have resided, as affiant is informed and believes, outside of King county." And also an affidavit of one Johnson, who stated, in substance, that he was well acquainted with H. W. McNeill, president of the defendant company, during the life time of said McNeill, and also with E. L. Little, secretary of said company, who resided with the said H. W. McNeill during his life time; that on or about the month of December, 1899, the said H. W. McNeill died, and that since said time the said E. L. Little has not resided with said McNeill, in King county, but has, as affiant is informed and believes, resided outside of the state of Washington. The plaintiff below (respondent here) filed his affidavit, wherein he stated as follows:

"M. P. Zindorf, being first duly sworn, deposes and says that he is the plaintiff above named; that for the past eighteen months he has been intimately acquainted with the officers of the Western American Company, the defendant above named; that for the period of eighteen

months or more last past that W. H. McNeill, the president of the defendant company, was a resident of King county, Washington, residing on the shores of Lake Washington at a place called Collonsy; that at the time of the commencement of this action one E. L. Little was the secretary of the above named defendant corporation, and that she at the time of the commencement of this action was a resident of Collonsy, King county, Washington; that your affiant during the past eighteen months has had business of importance involving several thousand dollars to transact with the defendant company, and that all business by him transacted with said company requiring the signature of the corporation was transacted at Collonsy, King county, Washington; that your affiant, in his dealings with the defendant company, was informed on several occasions by George E. Wright, attorney for the defendant company, that it was necessary for affiant to go to Collonsy to transact any and all business that he had with the defendant corporation."

It was held by this court in *McMaster v. Advance Thresher Co.,* 10 Wash. 147 (38 Pac. 760), that an action against a domestic corporation must be brought in the county where the corporation has an office for the transaction of business, or any person resides on whom process may be served against such corporation. The requirement that actions against these corporations must be brought in the county where the corporation has an office, etc., is statutory, and was evidently for the convenience of the corporation, but not for a shield behind which it may hide to avoid a liability. We do not care to extend the doctrine announced in that case. It seems that, if it were true that the defendant did not have an office in King county at the time the action was begun, and that no person resided there upon whom process might have beeen served against the corporation, these facts might have been positively stated without resorting to information and belief.

If, however, we give the statements in the affidavits the force of positive declarations, there is still a disputed question of fact as to whether or not the corporation had an office in King county, and also as to whether or not the residence of the secretary, at least, was there at the time the action was begun. This presents a question of fact for the lower court to decide. Under these affidavits the court may reasonably have found that at the time the action was begun the corporation had an office, and also that the secretary resided, in King county. Unless the lower court is clearly shown to have been wrong in its conclusions of fact, this court will not disturb its findings so as to deprive it of jurisdiction.

It appeared from the evidence of the plaintiff upon the trial that on or about October 1, 1898, the property in question, consisting of railroad construction tools, was left by plaintiff at a place called "Fairfax," securely locked in large boxes; that about the 1st of June, 1899, respondent went to Fairfax for the purpose of looking after these tools, and found that the boxes had been broken open, and the tools taken away; that he thereupon went to Mr. Huson, superintendent of the defendant company, and asked for the tools, and was told by Mr. Huson that the company needed the tools, had broken open the boxes and taken the tools, and would rather pay for them than return them. Subsequent to this time numerous other demands for payment were made by letter, and proved at the trial. The complaint alleged a demand "on or about January 12, 1900." Appellant insists that because the court refused to instruct the jury that, if they found for the plaintiff, their verdict should be for the value of the tools at the time alleged in the complaint that demand was made therefor, and not at the date when defendant took the

same.   The action was essentially one of wrongful conversion, and so alleged in the complaint, and no demand was necessary.  .The measure of damages was the value of the goods at the time of conversion, and the conversion was at the time the goods were taken.   That a demand was afterwards made, and a promise to pay, did not change the character of the action.   If an amount had been agreed upon, and a promise to pay the amount, the plaintiff, in that event, might have waived the tort, and sued for the amount agreed upon.   But in this case no such agreement had been made, and the action was not of that kind.   Defendant had simply promised that payment would be made, without agreeing to the amount.   The fact that plaintiff relied upon this promise, and therefore did not make another demand or bring his action until the tools were worn out, and of little or no value, should be no reason why he could not recover the value of the tools at the time they were taken by defendant.   Plaintiff had a right to rely upon the promise of defendant to pay.   He had a right to demand payment.   He had a right to obtain payment for his property, if he could, without an action at law, and without waiving his right of action upon the original wrongful taking.

There is no error in the record, and the cause will be affirmed.

REAVIS, C. J., and WHITE, DUNBAR, HADLEY, FULLERTON and ANDERS, JJ., concur.