[No. 8966. Department One. November 23, 1910.]

## DANIEL J. K. ZIMMERMANN, *Plaintiff* v. C. O. BOSSE, *Defendant.*[1]

FIXTURES—SAWMILL MACHINERY—MORTGAGE OF REAL ESTATE. The machinery in a sawmill and porch column plant consisting of stock goods that are portable and removable from the building without injury to the building, such as engines, lathes, shafting, pulleys, belts, saws, machines, and dry kiln apparatus, are not fixtures, and do not pass under a real estate mortgage; but a tubular boiler, set in masonry and inclosed in brick work which could not be removed without removing the brick work, is a fixture.

Cross-appeals from a judgment of the superior court for Pierce county, Chapman, J., entered February 1, 1910, in favor of the plaintiff, after a trial before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*Blackburn & Gielens,* for plaintiff.
*Huffer, Hayden & Hamilton,* for defendant.

PARKER, J.—This controversy arises upon a foreclosure of a mortgage upon real property, and involves the question of whether or not certain pieces of machinery used in a manufacturing plant situated upon the land are fixtures and as

[1]Reported in 111 Pac. 796.

such are covered by the mortgage. The learned trial court decreed a certain tubular boiler to be a fixture, and certain other machinery and appliances to be personal property. Foreclosure was decreed accordingly, and both parties have appealed to this court. We will refer to the parties as plaintiff and defendant.

In March, 1909, the Jurin Manufacturing Company, a corporation, was the owner of certain land at Puyallup, in Pierce county, upon which it maintained a sawmill, porch-column and dry-kiln plant. At that time it borrowed from one Perry $5,000, securing the same by a mortgage upon the real property consisting of the land and appurtenances. The mortgage was the usual form of real property mortgage, so that the machinery and appliances were covered thereby only in so far as they were a part of the realty. The plaintiff became the owner of this debt and mortgage by assignment from Perry. The defendant became the owner of the real property, and also of certain personal property of the mortgagor, Jurin Manufacturing Company, by a deed and bill of sale executed by J. T. Gear, as trustee, in pursuance of orders of the Federal court, in the matter of Jurin Manufacturing Company, a corporation, bankrupt. This conveyance covered the machinery involved, whether it be regarded as real or personal property, since it conveyed all personal property of the bankrupt, with certain exceptions, which exceptions did not exclude from the conveyance any of this machinery.

Learned counsel for the plaintiff contend that the trial court erroneously decreed certain machinery to be personal property and not subject to the lien of the mortgage. This machinery consisted of a portable fire box boiler, engines, lathes, shafting, pulleys, belts, pipes, saws, carriages, conveyors, pumps, edgers, planers, exhaust fans, boring machines, emery wheels, dry-kiln apparatus, and other machines, tools and appliances. Nearly all of these things were in various ways attached to the floors, ceilings or posts of the

buildings; but none were so attached but that they could be removed and taken from the buildings without injury to the buildings. It seems to us quite clear from the evidence that none of these machines and appliances were specially made for these buildings or for this plant. They were all known as standard or stock goods, and sold as such by catalogue and price lists by the manufacturers, and were suitable for use in any plant of this nature. It is true that the dry-kiln apparatus appears to have been made up of different parts put together in the building, and in that sense it might be said to have been made for the plant; but the evidence tends to show that such parts were like the other machines and appliances, stock goods. Under prior decisions of this court, we think it follows that these machines and appliances are not fixtures, but personal property, and hence not subject to the mortgage. *Cherry v. Arthur*, 5 Wash. 787, 32 Pac. 744; *Chase v. Tacoma Box Co.*, 11 Wash. 377, 39 Pac. 639; *Washington Nat. Bank v. Smith*, 15 Wash. 160, 45 Pac. 736; *Philadelphia Mtg. & Trust Co. v. Miller*, 20 Wash. 607, 56 Pac. 382, 72 Am. St. 138, 44 L. R. A. 559; *Neufelder v. Third St. & Suburban R.*, 23 Wash. 470, 63 Pac. 197, 83 Am. St. 831, 53 L. R. A. 600; *Sherrick v. Cotter*, 28 Wash. 25, 68 Pac. 172, 92 Am. St. 821.

There may be some expressions in the case of *Filley v. Christopher*, 39 Wash. 22, 80 Pac. 834, 109 Am. St. 853, viewed apart from the circumstances of that case, seemingly not in harmony with the views expressed in the former decisions of this court, but we do not think the former views of the court were there overruled, in view of the circumstances of that controversy. We are of the opinion that the court was not in error in holding these things to be personal property and free from the lien of the mortgage.

Learned counsel for the defendant contend that the trial court erroneously decreed the large tubular boiler to be a fixture, and therefore subject to the mortgage. This boiler was set in masonry, being practically inclosed in brick work.

It could not be removed without removing a considerable part of the brick work, though when freed from the brick work it could probably be removed from the building through openings already existing. We think this boiler became a part of the realty. *Filley v. Christopher, supra.*

We conclude that the decree of the learned trial court should be in all things affirmed. It is so ordered. In view of this disposition of the appeals, neither party will recover costs in this court.

MOUNT, FULLERTON, and GOSE, JJ., concur.

RUDKIN, C. J. (concurring)—Inasmuch as the earlier decisions of this court constitute a rule of property, I concur in the result, but as an original question I doubt their soundness.