[No. 13073.   Department Two.   May 9, 1916.]

## S. E. DONAHUE, *Respondent*, v. HARDMAN ESTATE, *Appellant*.[1]

APPEAL—JURISDICTION—AMOUNT IN CONTROVERSY.  In an action to recover possession of personal property, the amount in controversy governing the jurisdiction on appeal is the value alleged in the complaint and not the amount recovered.

FIXTURES—TENANT—RIGHT OF REMOVAL—SURRENDER.  An assignee of the tenant must exercise the right to remove trade fixtures before surrendering the lease.

SAME—MORTGAGEE OF TENANT—RIGHT OF REMOVAL.  After surrender of the premises by the tenant, a mortgagee of trade fixtures cannot remove them.

FIXTURES—TENANT—HOTEL EQUIPMENT—ATTACHMENT TO BUILDING.  The law of fixtures applies as between tenant and landlord, where tenants installed window shades attached to the building in the ordinary manner, towel hangers actually attached with screws, and medicine cabinets attached by boring holes in the wall and putting in a block to which the chests were attached by screws.

FIXTURES—SALE—BILL OF SALE—RESERVATIONS OF TITLE.  A bill of sale of hotel furnishings made by the owner of the hotel, reciting that it is understood that the sale does not affect the title to "any fixtures attached to the building," accompanied by a receipt stating that the owner retains title to specified equipment "and any other fixtures attached to the building," shows clearly that the owner reserved title to the fixtures attached to the building.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 1, 1915, upon findings in favor of the plaintiff, in an action to recover personal property, tried to the court.   Reversed.

*Reed & Hardman*, for appellant.

*J. D. Bauer*, for respondent.

MAIN, J.—This action was brought for the purpose of recovering possession of certain personal property, or in lieu thereof its reasonable value.   The property described in the

[1]Reported in 157 Pac. 478.

complaint is one hundred and ninety-six window shades, seventeen fire extinguishers, thirteen fire gongs, one hundred and twenty-five towel hangers, two electric signs, thirty feet of brass railing, two Vienna chairs, one loose leaf ledger, one pair of andirons, one gas log, one hundred and twenty-four medicine cabinets, sixteen garbage cans, and brass nosing on stairs, which property was alleged to be of the value of $675.60. Subsequent to the filing of the complaint, a bill of particulars was furnished by the plaintiff to the defendant. In this bill of particulars, claim to the seventeen fire extinguishers is relinquished. After eliminating the fire extinguishers, the reasonable value of the property, under the allegations of the complaint, would be $540.10.

In the defendant's answer to the complaint, it claims to be the owner of all the property described therein and for which the action was brought. The cause was tried to the court without a jury, and resulted in findings and conclusions and a judgment awarding to the plaintiff possession of one hundred and twenty-one medicine cabinets, one hundred and twenty-five towel hangers, and one hundred and thirteen window shades, and in lieu thereof, if possession be not surrendered, a judgment for $95.60. From this judgment, the defendant appeals.

The facts which gave rise to the litigation are substantially as follows: During the year 1909, the appellant being then the owner of a certain lot in the city of Seattle and the building thereon, known as the Wilhard hotel, leased the same to one F. L. Allen. Allen furnished the building for hotel purposes, and thereafter assigned his lease to a firm known as McNair & McCallum. The towel hangers, window shades, and medicine cabinets here involved were installed either by Allen or by McNair & McCallum. After receiving the assignment of the lease from Allen, McNair & McCallum executed and delivered to the appellant a chattel mortgage on the furniture and equipment in the hotel as security for the payment of the rent specified in the lease. Some time later,

McNair & McCallum sold their interest in the hotel to one F. M. Lucas, who operated it until he became delinquent in his rent to the extent of about $5,800, when he surrendered the possession of the premises and the contents to the appellant.

After the appellant took possession of the hotel, it operated it for a period of eight or ten months. During the time the appellant was operating the building, it purchased certain articles for the purpose of further equipping the hotel. When Lucas purchased from McNair & McCallum, he gave them a mortgage of $10,000 on the furniture for the purpose of securing the balance of the purchase price which was not then paid. On November 15, 1913, the appellant leased the premises to one B. H. Silver. On June 5, 1914, Silver mortgaged the property, including that installed therein by the appellant during the time it was operating the hotel, to the plaintiff to secure the payment of the sum of $1,600. Soon after this mortgage was given to the respondent Donahue, the appellant began the foreclosure of its prior mortgage which had been received from McNair & McCallum. On June 10, 1914, the respondent purchased from the appellant its rights under the McNair & McCallum mortgage, and the additional property which had been installed in the building while being operated by the appellant, for the sum of $3,300. On the date mentioned, a receipt was given by the appellant to the respondent for this sum. A few days thereafter, a bill of sale was executed by the appellant and delivered to the respondent, transferring to the latter the property which had been purchased by him. The receipt mentioned and this bill of sale will be referred to in the course of this opinion in greater detail. Silver continued to operate the hotel until about August 24, 1914, when possession was surrendered to the appellant, who thereafter operated it until some time in the month of December following, when the appellant notified the respondent to remove his furniture from the building. And here is where the controversy arose, both parties claimed title

to the property described in the complaint. The question, therefore, is, Which one was the owner of the property?

Before discussing the merits of the question, it will be necessary to consider the respondent's motion to dismiss the appeal. This motion is predicated upon the contention that the amount in controversy is less than $200, and that, therefore, this court is without jurisdiction. The value of the property which the plaintiff in his complaint sought to recover was alleged to be $540.10. It is true he only obtained a judgment for $95.60. The amount in controversy as limiting the right to appeal is determined by the averments of the pleadings. *Ingham v. Harper & Son,* 71 Wash. 286, 128 Pac. 675, Ann. Cas. 1914 C. 528.

In addition to this, the respondent, in making the motion to dismiss, apparently overlooked the fact that the question in controversy here is whether the articles for which he obtained judgment are personal or real property. The motion to dismiss the appeal will be denied.

Upon the merits, the briefs devote some space and cite authorities touching the rule regarding what is known as trade fixtures, when the question arises between landlord and tenant. But whatever the correct statement of the rule may be and its application in a proper case, it here has no bearing. After the articles here in question had been installed by either Allen or McNair & McCallum, the possession of the premises was transferred to Lucas, and Lucas surrendered possession to the appellant, the owner of the property. If a tenant desires to exercise his right to remove trade fixtures, he must do so prior to surrendering possession. A mortgagee from a tenant has no greater right to remove trade fixtures from the premises after the tenant has surrendered possession to the landlord than the tenant himself would have. Whatever right or title the mortgagee from the tenant may have cannot rise higher than its source, and is measured by what the rights of the tenant would be at the time the mortgagee asserts his claim. *Bush v. Havird,* 12 Idaho 352, 86 Pac. 529;

Jones, Chattel Mortgages, § 123; Jones, Landlord & Tenant, 723.

If the respondent owns, and therefore has a right to the possession of the medicine cabinets, towel hangers, and window shades, it is because he acquired them by reason of the language in the bill of sale from the appellant. The bill of sale recites:

"It being understood that the party of the first part (The Hardman Estate, a corporation) does not in anywise warrant the sale hereby made, and it being further understood that this bill of sale shall not affect the title to the cafe and kitchen equipment contained in the said hotel Wilhard building or any fixtures attached to said building, whether installed by the party of the first part or otherwise, which said cafe and kitchen equipment and fixtures attached to said building shall remain the property of said party of the first part."

The receipt for the money paid, which was given a few days before the bill of sale, recited:

"It is understood that The Hardman Estate shall retain the title to all of the cafe and kitchen furniture and equipment, as well as to the electric signs and any other fixtures attached to the building."

The evidence shows that the window shades were attached to the building in the ordinary manner; that all towel hangers were actually attached to the building by screws; and that the medicine cabinets were not on hangers or hanging by ropes, but were attached by boring a hole in the wall and putting in a block to which the cabinet was fastened by means of screws, or else by fastening the cabinet to the studding by screws. All these articles were fixtures attached to the building. Under the reservation contained in the bill of sale, title thereto remained in the appellant. If the language of the bill of sale, "fixtures attached to said building," may be said to be of doubtful meaning, then the evidence of the conversation taking place at the time the receipt was given in which the same language appears, shows plainly that it was the

understanding of the parties that the fixtures attached to the building included the articles here in controversy.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment dismissing the action.

MORRIS, C. J., PARKER, BAUSMAN, and HOLCOMB, JJ., concur.