[No. 17048. Department Two. September 18, 1922.]

W. J. BERNARD et al., Appellants, v. O. CROSBY et al., Respondents.[1]

FIXTURES (5, 12)—LANDLORD AND TENANT—TRADE FIXTURES—REMOVAL—WAIVER. Where a co-tenant accepts a new lease without reservation of fixtures previously placed in the building, they become the property of the landlord.

SAME (5, 12). Mezzanine flooring or platforms put in by tenants, nailed to the side of the building and supported by posts resting on the floor, and which could not be removed without being demolished, are trade fixtures going with the building, where the tenants for whose use they were put in left them without making any claim thereto or transferring their interest to their co-tenant.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for King county, Mills, J., entered September 29, 1921, upon the verdict of a jury rendered in favor of the defendants, in an action for damages to real property. Reversed.

*Elias A. Wright* and *Sam A. Wright,* for appellants.
*McClure & McClure* and *Walter S. Osborn,* for respondents.

HOVEY, J.—Appellants are the owners of certain real property in the city of Seattle upon which is situated

[1]Reported in 209 Pac. 524.

a building which was leased in the year 1914 by the then owner to the Western Wheel Scraper Company, the Marion Steam Shovel Company, and the American Hoist & Derrick Company, for a period of five years. Soon after the execution of the lease, a mezzanine flooring or platform was constructed in the building and used by the two lessees first named, but the evidence is not clear as to which lessees paid for the improvement. At the expiration of the lease, the two lessees first named removed from the premises and the American Hoist & Derrick Company alone entered into a new lease with the owner. The new lease made no reservation in favor of the tenant of any improvements or fixtures which it or its associates had placed in the building. Thereafter the premises were purchased by the appellants, and the lessee was directed to vacate the premises by virtue of a provision in the lease available to the owner upon sale of the premises. Before moving, the American Hoist & Derrick Company sold the platforms to the respondents, who removed them from the premises, and recovery was sought by the appellants for the damage they estimated the property had suffered by the removal of the fixtures in question. The case was tried to a jury, which found a verdict in favor of respondents.

Appellants assign error in the giving and refusing to give certain instructions, and further contend that, on the case as made out, they are entitled to an instructed verdict.

Among the instructions given by the court was the following:

"To the extent that the lumber and materials variously designated by the witnesses in this case as floors, staging, etc., which are claimed to have been removed from the building in question, were not attached in any

manner to the building, they were personal property and the defendants could remove such materials without any liability to the plaintiffs. If these materials were attached so as to form a part of the building, or if they were so attached that their removal would damage the building, then the defendants would be responsible to the plaintiffs for their removal, and in such case the amount that the plaintiffs would be entitled to recover would be the difference between the fair market value of that building before and after the removal of these materials.''

The platforms in question were made of two-by-fours nailed together, and were each about thirty-seven feet in length by eighteen feet in width. They were supported by timbers, the ends of which rested upon cleats nailed to the side of the building and upon loose supports or posts resting upon the floor. They were not attached permanently to the building, but were expressly built to be used in the building and could not be removed without breaking them up, and, in fact, were completely demolished before being taken from the building.

In our opinion, the case is governed by *Spencer v. Commercial Co.,* 30 Wash. 520, 71 Pac. 53, wherein this court adopted the prevailing doctrine that trade fixtures placed in a building by a tenant become fixtures going with the building, where no attempt is made to remove them during the life of the lease, and when the tenant accepts a new lease without any reservation of the fixtures previously placed by him in the building, he is not entitled to remove them. The authorities on this subject are collected in 26 C. J. 708.

Another feature that tends to fix the character of these fixtures is the fact that they could not be removed without permanently changing their character (26 C. J. 665-700), and the further fact that the tenants for whose use the fixtures were originally constructed

left them in the building, making no further claim to them, and no transfer being made of their interest in the fixtures to their cotenant is an indication that, at the time they were placed in the building, there was no intention to subsequently remove them.

The trial court should have directed a verdict for appellants in such sum as the property was depreciated in value by the removal of these fixtures.

We are asked by appellants to direct a judgment in their favor upon the theory that the only evidence offered as to value was in their behalf. This evidence varied considerably, however, as to the amount of damage suffered, and we think this is a question which should be passed upon by a jury.

The judgment is reversed, and the cause remanded for a new trial.

PARKER, C. J., MAIN, and MACKINTOSH, JJ., concur.

HOLCOMB, J. (dissenting)—I think the condemned instruction correct, the definition of trade-fixtures as realty wrong, and the result wrong. Therefore, I dissent.