[No. 18976. Department One. April 16, 1925.]

HILL'S GARAGE, *Respondent*, v. FRED D. RICE, *Appellant*.[1]

FIXTURES (5)—LANDLORD AND TENANT—INTENT OF PARTIES—REMOVAL—EVIDENCE—SUFFICIENCY. Garage tools and equipment which were not attached to the realty with any intent to make them a part thereof, and which could be removed without any injury to the premises, are not trade fixtures to be removed only prior to the termination of the tenancy.

SAME (5). One who sells garage tools and equipment to a lessee of the garage and takes back a chattel mortgage thereon, cannot claim that they were trade fixtures the title to which would vest in him on a surrender of the leased premises.

TROVER AND CONVERSION (12)—DEFENSES—LIEN FOR TAXES PAID. It is no defense to an action for conversion that the defendant had paid taxes on the property while it was in his possession, where he made no claim of a lien for the taxes or demand therefor until after suit was brought.

[1]Reported in 234 Pac. 1023.

SAME (37)—DAMAGES—VALUE OF PROPERTY—EXCESSIVE DAMAGES. Finding that the value of tools, converted by the defendant, was $750, will not be held excessive on appeal, where the testimony was conflicting, and the trial judge was justified in discrediting the opinion of the party who had been in the wrong.

SAME (11)—DEMAND—NECESSITY. A demand is not a condition precedent to an action for damages for the conversion of property, of which defendant claimed the ownership, showing that the demand would have been unavailing.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 31, 1924, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Graves, Kizer & Graves,* for appellant.
*Cyrus Happy* and *Charles Grant,* for respondent.

PARKER, J.—The plaintiff, Hill's Garage, a corporation, commenced this action in the superior court for Spokane county, seeking recovery of damages for the alleged conversion by the defendant, Rice, of its property, consisting of garage tools and equipment. A trial in that court sitting without a jury resulted in findings and judgment awarding to the plaintiff recovery in the sum of $750, the value of the property as found by the court, with interest, less the sum of $25.29 taxes paid on the property by the defendant while it was in his possession. From this disposition of the case, the defendant has appealed to this court.

On February 4, 1921, the defendant, being then a lessee from the owner of the real property commonly known as the Stutz Garage, and also being then the owner of the garage tools and equipment situated therein and being used by him in the operation of a garage business, sold and delivered to the plaintiff all the garage tools and equipment for an agreed consideration of $2,500. On the same day the plaintiff became a sublessee of the premises from the defendant at a

rental of $300 per month; the agreed subtenancy to expire on February 1, 1923, one month before the expiration of the defendant's original tenancy under the lease from the original owner. On March 21, 1921, the plaintiff executed and delivered to the defendant a chattel mortgage upon the garage tools and equipment to secure what was probably an unpaid portion of the agreed purchase price thereof. On January 4, 1922, the defendant commenced an action in the superior court for Spokane county seeking foreclosure of the chattel mortgage.

On May 2, 1922, the plaintiff assigned its sublease to Walter D. Thompson for a consideration of $350; Thompson agreeing to pay to the defendant the rent reserved in the sublease so assigned to him. Thompson went into possession of the garage, the tools and equipment. Under just what arrangement he took possession of the tools and equipment is not made plain, but apparently it was with a view of becoming a purchaser thereof. However, Thompson remained in possession of the garage, tools and equipment until sometime in August, 1922, when, seemingly because of his inability to successfully run the garage, he turned it over, together with the tools and equipment, to the defendant. On September 27, 1922, while the tools and equipment were thus in the possession of the defendant, he paid taxes which had been assessed thereon in the sum of $25.29. On October 21, 1922, the mortgage foreclosure case was finally disposed of by judgment decreeing the mortgage to be void, "by reason of the inequitable and fraudulent conduct of plaintiff," this defendant.

Thereafter, upon the expiration of the defendant's tenancy under his original lease with the owner, he vacated the property on or about March 1, 1923, taking with him and removing from the premises all of the garage tools and equipment. Thompson then again

went into possession of the premises, evidently under some sort of tenancy, with a view of continuing the garage business therein and using the tools and equipment in question, which the plaintiff and Thompson evidently had supposed would be left on the premises by the defendant when his tenancy under his original lease expired on March 1, 1923. Soon thereafter the plaintiff caused written demand to be made upon the defendant for the possession of the garage tools and equipment; further demanding that they be returned to the garage premises from which the defendant had taken them. This demand being ignored, the plaintiff commenced this action, seeking recovery of damages for conversion of the tools and equipment by the defendant.

It is first contended in behalf of the defendant that he has a right to the garage tools and equipment as his own, because practically all of them remaining on the premises at the time he removed them were trade fixtures so attached to the realty that the plaintiff lost all right to them because they were not removed by him during his subtenancy under the defendant. The general rule is invoked that, as between a tenant and a landlord owner of premises, fixtures known as trade fixtures, placed on and attached to the premises by the tenant and not removed by him during or at the expiration of the tenancy, remain and become part of the realty, as held by us in *Spencer v. Commercial Co.*, 30 Wash. 520, 71 Pac. 53, *Donahue v. Hardman Estate*, 91 Wash. 125, 157 Pac. 478, and *Bernard v. Crosby*, 121 Wash. 257, 209 Pac. 524.

While this is a well recognized general rule, in its application much care must be exercised by the courts in seeing that articles of such remaining property are in fact fixtures such as become part of the realty. The evidence in this case furnishes strong ground for argu-

ing that none of the articles here in question would be
fixtures, in any event, in the absence of some express
understanding by all parties concerned that they were
intended to become such. It is true that several of the
articles were in a measure physically attached to the
premises, but none of them was so attached that its re-
moval would work any injury whatever to the prem-
ises. Manifestly, none of the equipment here in ques-
tion was attached with any thought on the part of any-
one that it was to become a part of the realty under
any circumstances. The following decisions of this
court plainly show its strong inclination to regard per-
sonal property but slightly attached to realty not to be
fixtures in the sense of becoming part of the realty,
when it plainly appears, as it does here, that no one
concerned has any such intention with reference there-
to and removal will not injure the premises: *German
Savings & Loan Society v. Weber*, 16 Wash. 95, 47 Pac.
224, 38 L. R. A. 267; *Neufelder v. Third Street & Sub-
urban R.*, 23 Wash. 470, 63 Pac. 197, 83 Am. St. 831,
53 L. R. A. 600; *Zimmerman v. Bosse*, 60 Wash. 556,
111 Pac. 796; *Ballard v. Alaska Theatre Co.*, 93 Wash.
655, 161 Pac. 478; *Boeringa v. Perry*, 96 Wash. 57, 164
Pac. 773.

However, we have here other considerations strongly
militating against defendant's claim that the articles
of equipment became fixtures vesting their title in him
as landlord of the plaintiff upon his receiving back pos-
session of the premises from Thompson. The defend-
ant recognized all this property as personal property
by selling it to the plaintiff as such; he further recog-
nized it as personal property of the plaintiff when he
took the chattel mortgage on it from the plaintiff; he
further continued to recognize it as personal property
by prosecuting his attempted foreclosure of that mort-
gage up to the final judgment; and finally he recognized

it as personal property when he removed it, manifestly then claiming it as such; the property being at all times since prior to its sale by the defendant to the plaintiff situated and attached to the premises as at the time of its removal by the defendant. These facts, taken together with the very doubtful fixture character of the articles, which were but slightly attached to the premises and removable without injury to the premises, we think, call for the conclusion that the defendant cannot successfully invoke in support of his claim to the property the general rule applicable between a tenant and a landlord owner of the premises.

Contention is further made in behalf of the defendant that he had a right to retain possession of the tools and equipment by virtue of his claim of lien thereon for the amount of taxes he paid thereon, and that therefore he cannot be charged as for conversion. But he never claimed any such lien until after this action was commenced, and the plaintiff, so far as can be seen from this record, did not have any knowledge of any such claim on the part of the defendant until he was so advised by defendant's answer in this action. Assuming, for argument's sake, that the defendant would be entitled to retain possession of the property as security for his claimed lien, it seems plain that he would not be entitled to retain the property on that account without making his claim known to the plaintiff, the owner of the property. The trial court, as we have already noticed, gave to the defendant the benefit of this claimed tax lien in the rendering of the judgment by deducting the amount from his damages. Under the circumstances, it seems to us that this is the most that the defendant was entitled to in that behalf.

Some contention is further made in the defendant's behalf that there was not sufficient demand made by the plaintiff upon him as a prerequisite to the bringing

of this action. We were careful to note in the beginning that this is an action seeking recovery for damages as for conversion, and not an action seeking recovery of the property. But, in any event, a demand was unnecessary either for the property or for damages as for its conversion, in view of the defendant's claim of ownership thereof. The defendant's attitude in this controversy from the very beginning absolutely negatives the necessity for a demand. It is conclusively shown that a demand would have been unavailing in view of the defendant's claim of ownership of the property and his defense of this action upon the merits. Even had the plaintiff accompanied its demand with an offer to pay the taxes, it is plain that such a demand would have been refused.

*Seattle National Bank v. Meerwaldt,* 8 Wash. 630, 36 Pac. 763; *Zindorf v. Western American Co.,* 26 Wash. 695, 67 Pac. 355; *Blair v. Wilkeson Coal & Coke Co.,* 54 Wash. 334, 103 Pac. 18; *Armour v. Seixas,* 80 Wash. 181, 141 Pac. 308.

Contention is finally made in defendant's behalf that the amount of recovery awarded is excessive. This involves a question of fact as to which it must be conceded the evidence is not very satisfactory. Thompson, an experienced garageman, who had possession of the tools and equipment for a period of several months, testified that, in his opinion, the tools and equipment left by him with the defendant were worth $750, and also that he offered to pay $750 cash therefor, with a view of obtaining title thereto to use in garage business. His examination as a witness does indicate that he was not very well qualified to testify as to the values of all the articles. We think, however, that his disqualification was not so plainly apparent as to call for the exclusion of his stated opinion that the property was worth $750. He was a disinterested witness. The de-

fendant testified that the tools and equipment taken away by him did not exceed $150 in value. He, of course, was an interested witness. We can easily see why the trial judge was probably justified in believing $750 to be the fair value. The defendant appearing to have been in the wrong in removing and converting the property, and it manifestly being of substantial value, the court was justified in not measuring the value with exactness favorable to the defendant, when proof of the value was necessarily a matter of opinion. We do not see our way clear to disagree with the trial court in the making of its finding that the tools and equipment removed and converted by the defendant were worth $750.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.