213 P.3d 609 (2009)
GRAYS HARBOR ENERGY, LLC, Appellant,
v.
GRAYS HARBOR COUNTY, Respondent.
Nos. 37163-4-II, 37166-9-II.
Court of Appeals of Washington, Division 2.
August 11, 2009.
*610 George Carl Mastrodonato, Dorsey & Whitney LLP, Michael Barr King, Carney Badley Spellman PS, Seattle, WA, for Appellant.
James Garnet Baker, Grays Harbor Co. Pros. Office, Montesano, WA, for Respondent.
HOUGHTON, J.
¶ 1 In these consolidated cases,[1] Grays Harbor Energy, LLC (GHE) appeals the Grays Harbor County tax assessment of its power generating equipment as real property. GHE argues that, by statute, the equipment is personal property. We agree and reverse and remand.

FACTS
¶ 2 The property at issue here is a non-operating power plant owned by GHE covering 22 acres in Elma, consisting of three buildings, a cooling tower, and five generators variously powered by steam, exhaust, and gas combustion. The primary power-generating turbine generators sit outdoors on bare ground. Workers can easily disconnect, disassemble, and move the modular generators.
¶ 3 In 2001, the prior owner, Duke Energy North America, LLC, began constructing a gas-powered electrical facility. It stopped construction in 2002 after a downturn in demand. GHE purchased the facility and Duke Energy's interests in the project and *611 assumed some of Duke Energy's obligations. GHE paid approximately $21 million for the plant, intending to finish construction and begin generating electricity.
¶ 4 After initially assessing the power plant value at more than $119 million, the County reduced the assessment to $97.5 million on January 1, 2004. In making both assessments, the County classified the operating equipment and buildings as real property.
¶ 5 GHE appealed to the County's Board of Equalization (Equalization Board), arguing that the County erroneously assessed the plant's value. It asserted that chapter 84.12 RCW specifies that operational or non-operational power plant operating equipment be considered personal property for tax purposes. RCW 84.12.280; RCW 84.12.200(4), (12). The Equalization Board agreed and reduced the assessed value to the $21 million purchase price.
¶ 6 The County appealed to the state Board of Tax Appeals (Appeals Board). In that administrative appeal, the Appeals Board reversed, ruling that the "buildings, gas turbines, and other property affixed to the land are `improvements' to real property." Administrative Record at 122-29.
¶ 7 GHE appealed to the superior court where it had previously filed tax refund claims for 2004 and 2005 (refund claim). The trial court joined the administrative appeal and refund claim for hearing because of their common parties, facts, and issues.[2]
¶ 8 The County moved for summary judgment, arguing that chapter 84.12 RCW applies only to the Department of Revenue's (DOR) taxing of operations spanning more than one county. After determining that the statute did not apply to a single county operation, the trial court granted partial summary judgment to the County. The trial court also ruled that the scant Appeals Board record did not disclose whether, as a matter of law, the operating equipment comprised real or personal property.
¶ 9 Because it found that the Appeals Board had not sufficiently created a record of whether the power plant purchase was an arm's length transaction, it remanded for further proceedings. As a result, it stayed the tax refund matter pending the Appeals Board's action on remand.
¶ 10 GHE appeals.

ANALYSIS

Real or Personal Property
¶ 11 GHE contends that the County improperly characterized the assets at issue as real rather than personal property. It asserts that under both RCW 84.12.280 and the common law, the assets are personal property.
¶ 12 We review the Appeals Board's and not the trial court's decision. Conway v. Dep't of Soc. & Health Servs., 131 Wash.App. 406, 414, 120 P.3d 130 (2005). On review of an agency order under the Administrative Procedure Act, ch. 34.05 RCW, we will reverse an agency decision when based on an erroneous interpretation or application of the law. RCW 34.05.570(1)(a), (3)(d). We review de novo decisions based on interpretation of the law. Advanced Silicon Materials, LLC v. Grant County, 156 Wash.2d 84, 89, 124 P.3d 294 (2005) (any statutory authority). As the challenging party, GHE bears the burden of demonstrating an invalid agency action. RCW 34.05.570(1)(a); Da Vita, Inc. v. Wash. State Dep't of Health, 137 Wash. App. 174, 180, 151 P.3d 1095 (2007).
¶ 13 GHE first asserts that under RCW 84.12.200(4), it is an electric light and power company. The County does not dispute this identification.
¶ 14 GHE next argues that under RCW 84.12.200(12) and RCW 84.12.280, all of its operating property, other than its land and buildings, should be assessed and taxed as *612 personal property. After reviewing these statutes, we agree.
¶ 15 Where statutory language is plain and unambiguous, legislative intent is apparent. Qwest Corp. v. City of Kent, 157 Wash.2d 545, 553, 139 P.3d 1091 (2006). RCW 84.12.280 provides in part that "all of the operating property other than lands and buildings of electric light and power companies... shall be assessed and taxed as personal property." And RCW 84.12.200(12) provides in part that "operating property" means and includes "all property, real and personal ... used by the company in the conduct of its operations." These provisions plainly exempt GHE's generators from taxation as real property.
¶ 16 Likewise, we reject the County's assertion that characterizing GHE's generators as personal property requires reading the statute out of context. Here, RCW 84.12.280 unambiguously provides that GHE's generators are taxed as personal property. The County's argument fails.
¶ 17 The County seeks to persuade us, as it did the trial court, that chapter 84.12 RCW applies only to DOR assessments because RCW 84.12.220 confers "jurisdiction to determine what is operating property and what is nonoperating property." Because RCW 84.12.280 does not specify which agency or authority must make such assessments, but rather provides that "all ... [property] ... shall be assessed," we disagree with the County.

Constitutionality of the Tax Code
¶ 18 Next, we turn to the County's constitutional argument. The County contends that our reading of RCW 84.12.280 contradicts the Washington Constitution.
¶ 19 Our constitution requires that "[a]ll taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax.... All real estate shall constitute one class." Wash. Const. art. VII, § 1. Washington common law has long provided that equipment permanently affixed to land becomes a fixture and, therefore, real property. Cherry v. Arthur, 5 Wash. 787, 788, 32 P. 744 (1893). Equipment loses its status as personal property if it contributes to the building's function. Cherry, 5 Wash. at 788, 32 P. 744.
¶ 20 The County argues that because both GHE's equipment and buildings are within the County's territorial limits and because, under common law, the equipment is considered real property, they are both real estate, that is, of the same property class. Separately classifying operating equipment and buildings, the County maintains, is therefore unconstitutional.
¶ 21 This leaves us with the question whether the legislature may enact a law in derogation of the common law. Our Supreme Court has held,
"Rights of property which have been created by the common law cannot be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will, or even at the whim, of the legislature, unless prevented by constitutional limitations. Indeed, the great office of statutes is to remedy defects in the common law ... and to adapt it to the changes of time and circumstances."
Overlake Homes, Inc. v. Seattle-First Nat'l Bank, 57 Wash.2d 881, 885, 360 P.2d 570 (1961) (quoting Munn v. State of Illinois, 94 U.S. 113, 24 L.Ed. 77 (1876)). The constitution vests the legislature with legislative authority. Wash. Const., art. II, § 1. That authority includes the power to change the common law. Overlake Homes, 57 Wash.2d at 884, 360 P.2d 570. The constitution does not bind the legislature to adhere to the common law definition in this instance. Here, the legislature classified properties with differing characteristics separately for tax purposes. The tax code, as plainly read and properly applied, while in derogation of common law, is therefore constitutional.
¶ 22 In summary, RCW 84.12.280 applies, and GHE's equipment at issue comprises *613 personal property. We reverse and remand.[3]
We concur: QUINN-BRINTNALL, J., and PENOYAR, A.C.J.
NOTES
[1] GHE appeals a state Board of Tax Appeals property tax valuation and the trial court's denial of its excessive taxation claim.
[2] The parties stipulated to judicial review of both actions without having to exhaust administrative remedies.
[3] GHE also assigns error to the Appeals Board's finding that the transaction between GHE and Duke Energy was not at arm's length and that the purchase price could not form a basis for the January 1, 2004 assessment. RCW 84.40.030. Because we agree with GHE's first argument and reverse and remand, we do not otherwise address this assignment of error.