[No. 2244. Decided July 13, 1896.]

THE WASHINGTON NATIONAL BANK OF SEATTLE, *Respondent*, v. E. D. SMITH *et al.*, *Defendants*, JANE THOMSON, *Appellant*.

INSURANCE OF PROPERTY BY MORTGAGEE — FIXTURES — INTENTION OF ONE ATTACHING MACHINERY TO REALTY.

Where insurance has been effected upon mortgaged premises by the mortgagee, it must be presumed, in the absence of any communication of a contrary intent to the mortgagors, that it was so done in pursuance of a right reserved in the mortgage providing that the mortgagee might keep the property insured at the expense of the mortgagors, and that moneys paid for premiums should be a lien upon the mortgaged property and collected under the terms of the mortgage.

Where policies of insurance upon mortgaged property are taken out by a mortgagee in the name of the mortgagors, with a provision that the loss, if any, should be payable to the mortgagee as her interest might appear, the mortgagee cannot show by oral testimony that the contracts were not made by her as mortgagee but that the policies were taken out for her sole benefit and that the premiums paid were not intended to be charged against the mortgagors under the conditions of the mortgage authorizing her to insure, if the mortgagors failed to do so.

The intention to make machinery a permanent part of the building to which it is attached cannot be proved by testimony as to the actual state of mind of the person attaching it to the real estate at the time of its annexation, but must be gathered from circumstances surrounding the transaction, and from what was said and done at the time.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.    Affirmed.

*Smith & Cole*, for appellant:

The mortgagee's interest was insurable.    *Gilman v. Dwelling House Ins. Co.*, 81 Me. 488; *Trade Ins. Co. v. Barracliff*, 45 N. J. Law, 543 (46 Am. Rep. 792); 2 Beach, Insurance, § 864; *Hooper v. Robinson*, 98 U. S.

528; *Sibley v. Prescott Ins. Co.*, 57 Mich. 14; *McDonald v. Black*, 20 Ohio, 185 (55 Am. Dec. 448); *Hancox v. Fishing Ins. Co.*, 3 Sumn. 132; *Strong v. Manufacturers' Ins. Co.*, 10 Pick. 40 (20 Am. Dec. 507); *Columbian Ins. Co. v. Lawrence*, 2 Pet. 25; *Merrett v. Farmers' Ins. Co.*, 42 Iowa, 13; *Williams v. Ins. Co.*, 107 Mass. 377; *Putnam v. Mercantile Ins. Co.*, 5 Metc. 386; *Eastern R. R. Co. v. Relief Ins. Co.*, 98 Mass. 420; *Springfield F. & M. Ins. Co. v. Allen*, 43 N. Y. 389 (3 Am. Rep. 711); *Herkimer v. Rice*, 27 N. Y. 163.

The benefits of the policies were hers alone. The mortgagee having a right, both under the terms of the mortgage and independently, to insure her interest, and having made the contract directly with the garnishees, the mortgagor can claim no benefit from such insurance. *Russell v. Southard*, 12 How. 157; *White v. Brown*, 2 Cush. 412; *Stinchfield v. Milliken*, 71 Me. 567; *Foster v. Van Reed*, 70 N. Y. 19 (26 Am. Rep. 544); *Excelsior Fire Ins. Co. v. Royal Ins. Co.*, 55 N. Y. 343 (14 Am. Rep. 271); *King v. State Mutual Fire Ins. Co.*, 7 Cush. 1 (54 Am. Dec. 683).

*Boyer & Guie*, and *Donworth & Howe*, for respondent :

The insurance, stipulated to be paid in case of loss, was made payable to Jane Thomson *as her interest as mortgagee* might appear. Inasmuch as she had no interest as mortgagee in property not covered by her mortgage, nothing was payable to her by the garnishee on account of the destruction of the personal property. 1 Wood, Insurance (2d ed.), p. 613; *Wilson v. Hill*, 3 Metc. (Mass.) 66; *Macomber v. Cambridge Mutual Fire Ins. Co.*, 8 Cush. 133; *Carter v. Humboldt Ins. Co.*, 12 Iowa, 287; *Rohrbach v. Germania Ins. Co.*, 62 N. Y. 47 (20 Am. Rep. 451); *Bates v. Equitable Ins. Co.*, 10 Wall. 33; *Manson v. Phœnix Ins. Co.*, 64 Wis.

26 (54 Am. Rep. 573); 1 Jones, Mortgages (4th ed.), §
396, 397. If Jane Thomson never had a lien upon
the personal property she had no insurable interest in
such property and cannot claim the insurance money
due under the policy for the destruction of such per-
sonal property by fire, because her debt had no refer-
ence to the articles insured and no lien could be
created on such articles by the mortgage debt. Porter,
Insurance, *p. 71; *Kernochan v. N. Y. Bowery Fire
Ins. Co.*, 17 N. Y. 428; *Manson v. Phœnix Ins. Co.*, 64
Wis. 26 (54 Am. Rep. 573).

" If there was any arrangement between mortgagor
and mortgagee, whether verbal or written, by which
the mortgagor becomes liable to pay for the insurance,
he is entitled to the benefit thereof by having it
applied in liquidation of the mortgage debt, *pro rata*,
and the simple test of his right in this respect, is not
whether he has paid for the insurance nor whether
the mortgagee procured the insurance, intending to
look to him for a re-imbursement of the premium,
but whether he is liable to the mortgagee therefor,
under any agreement express or implied." 2 Wood,
Insurance (2d ed.) p. 1076; *Kernochan v. Ins. Co.*,
*supra; Pendleton v. Elliott*, 35 N. W. 97; *Fowley v.
Palmer*, 5 Gray, 549; *Cone v. Insurance Co.*, 60 N. Y.
619.

The opinion of the court was delivered by

HOYT, C. J.—The intervenor and appellant was the
owner and holder of a certain mortgage made by the
defendant E. D. Smith and Margaret B. Smith, his
wife. This mortgage was in the usual form of a real
estate mortgage and the property covered thereby was
not so described as to include anything not a part of
the real estate. Default having been made in the

conditions of the mortgage, appellant commenced proceedings to foreclose it, pending which she caused insurance policies to be issued upon the mill building situated on the land covered by the mortgage, and certain machinery situated therein. The property, including said machinery, was partially destroyed by fire and the amount of the loss under such policies of insurance adjusted. Thereafter the plaintiff caused the defendant insurance companies to be summoned as garnishees of the mortgagors and sought to secure the application of the money due therefrom to the payment of a judgment which it had against the mortgagors. The appellant was allowed to intervene in these garnishee proceedings, and thereafter such agreements and stipulations were entered into between all the parties that substantially the only question left for the determination of the court was as to whether the money to be paid for the partial destruction of certain machinery in the mill was the property of the mortgagors or of the mortgagee.

There was another question left open which appellant has suggested was so decided as to entitle her to a reversal of the judgment. This question grew out of the claim that it was not shown that a sufficient amount of the loss as adjusted was paid on account of the machinery, which it was claimed was personal property and not a part of the real estate, to pay the amount adjudged to be due the plaintiff. But under the stipulations of the parties and the circumstances surrounding the case at the time such stipulations were entered into we are satisfied that there is nothing in this claim, and it requires no further consideration at our hands.

The intervenor and appellant founds her right to the money to be paid by the insurance companies for

the partial destruction of the machinery in question upon two propositions. One, that the contracts of insurance were solely between herself and the insurance companies, and the mortgagors in no sense parties thereto nor interested therein; that for that reason any money to be paid upon such contracts would belong to her and not to the mortgagors. The policies were taken out in the name of E. D. Smith, one of the mortgagors, and, the other mortgagor being his wife, they must receive the same construction as they would if taken out in the names of both of the mortgagors. They were in the usual form of such contracts between an insurance company on the one part and the insured upon the other, and thereby such mortgagors were insured to a certain amount against damage by fire to the property in question. The only evidence of the interest of the mortgagee was a statement indorsed upon each of the policies, to the effect that the loss, if any, should be paid to the appellant mortgagee as her interest might appear. Under the terms of the mortgage it was the duty of the mortgagors to keep the buildings, situated upon the premises covered by the mortgage, insured in the sum of $40,000, and thereunder it was the right of the mortgagee, if the mortgagors did not do this, to herself cause it to be done at the expense of the mortgagors, the re-payment of the premium paid by her for that purpose to be secured under the mortgage.

Such being the conditions of the mortgage, the reasonable and ordinary interpretation of the action of the appellant in taking out the policies of insurance would be that she was acting thereunder, and that the premium which she might have paid in so doing was or might have been charged to the mortgagors and collected in addition to the amount due

under the terms of the mortgage.   If this was the
effect of her taking out the policies of insurance there
would be no ground for the contention that she had
any interest therein excepting as mortgagee of the
property covered by the mortgage, and it would fol-
low that if she had no interest in the machinery
which was damaged, as mortgagee, she would have no
interest in the moneys to be paid by the insurance
companies on account of such damage.   The policies
of insurance under these circumstances would have
been for the sole benefit of the mortgagors, excepting
in so far as they were qualified by the statements in-
dorsed thereon that the loss, if any, should be payable
to the appellant mortgagee as her interest should
appear, and if she had no interest as such mortgagee
in the machinery damaged she would have no inter-
est in the moneys to be paid under said policies on
account of such damages.

But it is contended on the part of the appellants,
and proof tending to establish such contention was
introduced at the trial, that as a matter of fact the
policies of insurance were not taken out under the
conditions of the mortgage which authorized the
mortgagee to keep the property insured if the mort-
gagors failed to do so; that, on the contrary, the poli-
cies were taken out for the sole benefit of the appellant;
that the premium was paid by her and that she had
not charged, nor did she at any time intend to charge,
the same against the mortgagors to be collected under
the provisions of the mortgage or otherwise.   If, not-
withstanding the conditions of the mortgage the
mortgagee had the right to independently insure the
property, and if the contracts of insurance which were
issued by the companies could be construed as having
been made exclusively for the benefit of the appellant

as mortgagee, there would be force in the contention that the mortgagors had no interest in the moneys to be paid by the insurance companies. But, in our opinion, the contracts of insurance cannot be so construed: first, because of the right of the mortgagee to keep the property insured at the expense of the mortgagors and to reimburse herself for any moneys which she might pay in so doing by having it declared a lien upon the mortgaged property and collected under the terms of the mortgage. She having reserved to herself this right, it will be presumed that she acted in pursuance thereof in taking out the insurance policies, and such presumption cannot be overcome by any intention on her part to effect the insurance in her own interest and independently of the provisions of the mortgage unless such intention had been at the time communicated to the mortgagors. Until such intention had been communicated to them they had a right to suppose that the insurance was effected under the provisions of the mortgage and that it was for their benefit, excepting that the loss under the contracts of insurance would be payable to the mortgagee if at the time of such loss she had any interest in the property on account of which any money should be paid. There was no proof that the intention, which it is claimed the mortgagee had, to insure exclusively for her own benefit was ever communicated to the mortgagors. Hence the court cannot now give effect to her intention so to do if it existed. Second, because the contracts of insurance evidenced by the policies are plain and unambiguous and have a certain legal construction, which under well settled rules cannot be changed by oral testimony.

Even if the claim of the appellant that it was in fact intended both by the insurance companies and

by herself that the insurance should be for her exclusive benefit was clearly established, it would not thereby be shown that such a mistake had been made in the drafting of the contracts as to entitle her to introduce oral testimony as to such mistake.  But there was no proof whatever that either of the insurance companies intended to issue a policy in other terms than those in which these policies were issued.  On the contrary, it affirmatively appeared that it was the universal custom of insurance companies to insist upon this form of contract, even although the object to be secured was the protection of the interest of the mortgagee.  That such was the rule was not disputed by either party, and the necessity for it was well illustrated by the argument of counsel in the case at bar.

Under the rule which formerly obtained, by which the mortgagee was allowed, in his own name, to insure the mortgaged property, it was impossible to prevent such property from being insured to an amount greatly exceeding its actual value.  Hence, public policy as well as the interest of the insurance companies and of honest insurers demanded that some rule should be established by which the placing of excessive insurance might be avoided.  The rule under consideration resulted from this state of facts and is one which should be inforced in the interest of the public and of the parties interested.

The other proposition is founded upon the claim that such machinery was a part of the real estate covered by the mortgage.  As we have seen, the mortgage did not purport to cover anything but the real estate therein described.  Hence, if the mortgagee had any interest in this machinery it was because of the fact that it was so related to the real estate as to

become a fixture so that a lien thereon passed to the mortgagee as a part of the real estate described in her mortgage.    No general rule can be promulgated under which it can be determined whether a particular piece of machinery is or is not a fixture to the real estate with which it is used.    So many considerations enter into the determination of this question that no general rule can be stated which will apply in all cases. Not only can no general rule be adduced from the decisions of the courts which will apply to all cases, but it will appear from an examination of the decisions upon this question that there is a great want of harmony even where the circumstances were identical. There is a class of cases which have adopted a rule which, if applied to the facts. shown by the evidence to have existed as to the placing of this machinery in the mill building in which it was used, would require us to hold that such machinery was a fixture and passed to the mortgagee as a part of the real estate.

A leading case of this kind is *Ottumwa Woolen Mill Co. v. Hawley*, 44 Iowa, 57.    But the learned court which decided it, though apparently well satisfied with the conclusion to which it had come, was forced to admit that a contrary doctrine had been established by the courts of a majority of the states which had passed upon the question.    This machinery was attached to the building in substantially the same manner as was that in controversy in the case of *Chase v. Tacoma Box Co.*, 11 Wash. 377 (39 Pac. 639), and *Cherry v. Arthur*, 5 Wash. 787 (32 Pac. 744), and under the rule announced in those cases, which rule we believe to be supported by the weight of authority, it must be held to have been personal property and not such a fixture as to pass to the mortgagee.    That the means by. which this machinery was attached to the

real estate was substantially the same as that by which
the machinery in question in those cases was so at-
tached is substantially conceded by the appellant, but
she contends that in the case at bar she proved, or offered
to prove, that the intention of the mortgagors at the
time the machinery was attached to the real estate
was to make it a permanent fixture, and a part of such
real estate.   That the intention with which machinery
is placed upon the real estate is one of the elements to
be taken into consideration in determining whether
or not it remains a chattel or becomes a part of such
real estate is conceded, but it does not follow that such
intention can be shown by testimony as to the actual
state of the mind of the person who attached the ma-
chinery to the real estate at the time it was attached.
On the contrary his intention must be gathered from
circumstances surrounding the transaction and from
what was said and done at the time, and cannot be af-
fected by his state of mind retained as a secret.   Be-
side, if we should adopt the theory of the appellant
as to the force to be given to the intention existing in
the mind at the time the machinery was attached we
should not be so satisfied with the proof that it was
intended to make the machinery in question a fixture
as to be willing to reverse the judgment on that ac-
count.   It is true that one of the mortgagors testified
in general terms that he intended the machinery to
be a permanent part of the building with which it
was connected, but it was made to appear by uncon-
tradicted testimony that at the time he put the machin-
ery in the building he made a chattel mortgage
thereon, and it must follow either that he supposed at
the time that it was not so affixed to the real estate as
to become a part thereof, or else he intended to deceive
the party to whom he executed such chattel mortgage,

and it is more reasonable to presume that he acted honestly in the making of such mortgage than that he thereby intended to perpetrate a fraud. If the question as to the nature of this property had arisen between the mortgagee named in said chattel mortgage and the appellant, there could be no doubt but that under the rule heretofore announced by this court it would be held to be personal property, and in our opinion the rule was not changed by the fact that the question was raised between the parties to the real estate mortgage.

It follows from what we have said that in our opinion the material findings of fact made by the superior court were sustained by the proofs and that such findings must stand. It therefore becomes immaterial as to whether or not sufficient exceptions were taken to such findings. It is not claimed that the findings of fact do not support the judgment, and, such findings having been approved, the judgment must be affirmed.

ANDERS, SCOTT and GORDON, JJ., concur.