[No. 11218.  Department Two.  August 29, 1913.]

ROBINSON CODFISH COMPANY, *Respondent*, v. PORTER FISH
COMPANY, *Appellant*.[1]

FIXTURES—RIGHT TO REMOVAL—SEVERANCE—CONTRACTS.  Upon the
sale of real estate under an agreement that the vendor was to have
the privilege of removing certain vats from a building, which he
rented to the vendee, the status of the vats as personal property
is fixed by the agreement, and their removal cannot be defeated by
the vendee or those claiming under him with actual notice, on the
theory that the vats were real estate fixtures not reserved or men-
tioned in the deed.

FIXTURES—RIGHT ' TO REMOVAL—CONTRACTS—MODIFICATION — CON-
STRUCTION.  Where the vendor retained the right to remove certain
vats from a building, his title thereto is not affected by subsequent
modifications of the contract which were intended to relate only to
the method and times of making deferred payments and making no
change as to the property conveyed, although the modified contract
made no mention of the vats.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered January 13, 1913, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action in replevin.  Affirmed.

*Dorr & Hadley*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondent.

MORRIS, J.—It is sought in this action to recover posses-
sion of thirty-six large vats used in the curing of codfish,
which were located in a building formerly owned by respond-
ent and by it sold to the Anacortes Creamery & Produce Com-
pany, and subsequently sold by the creamery company to the
appellant.  The case was tried without a jury, and judgment
entered by the court in favor of respondent, from which this
appeal is taken.  The judgment also awarded damages in the
sum of $528, the amount fixed by the court as the necessary
cost of planking and flooring the space occupied by the vats,

[1]Reported in 134 Pac. 811.

which, under the terms of the original contract, was to be paid by respondent in case it removed the vats from the building.

The original contract was dated November 27th, 1909, and after providing for the terms of the sale, it was provided that "said Robinson Codfish Company is to give possession of from one-third to one-half of the floor space upon the payment of $4,000 as above, and until the property is vacated by said Robinson Codfish Company, said company is to have the privilege of removing the vats from said building, but in case they do remove them they are to cover the space occupied by the vats by planking of as good quality as that in the other flooring of the building." This agreement was made with James M. Armstrong, who was at that time the president of the creamery company. Subsequently, Armstrong assigned the contract of purchase to the creamery company, and on September 1st, 1910, a new contract was entered into between the codfish company and the creamery company, which recited that it was a modification of the terms of the original contract, and named new terms and conditions, providing, however, for the occupancy of the codfish company, but making no special reference to the vats. This second agreement gave way to a third one on May 8th, 1911, extending the time of the deferred payments upon certain expressed conditions, but making no reference to the vats. Thereafter, and on August 21, 1911, the respondent executed and delivered its deed to the creamery company, and on September 7th the creamery company sold to appellant. The codfish company sought to continue its possession as a tenant under appellant, but being refused, it vacated the building, and appellant refusing to recognize its claim to the vats, brought this action for their recovery.

Appellant bases its appeal upon its contention that the vats were real fixtures and passed with the deed. It does not, however, appear to us that it is necessary to determine whether the vats were fixtures or chattels, as we believe the

lower court was correct in holding that they were at all times treated by the parties to the respective agreement as chattels and there was at no time any intention or purpose to pass them from the ownership of the codfish company. It is admitted that the vats are of the value of $4,000, and it is not disputed, as testified to by Mr. Robinson of the codfish company, that this sum was not included in the price of $28,000 fixed as the value of the property sold to the creamery company. Mr. Barth of the creamery company testified that it was mutually understood that the original contract did not convey the vats, and that the codfish company rented the space required to keep them in the building and had the right to remove them at any time, and that his company never made any claim to them. We think it is also established that the appellant had actual knowledge of the situation as to the vats and understood that the claim of the codfish company as to the ownership and right of possession was acquiesced in by the creamery company. We think it, therefore, clear that, so far as the legal situation is concerned, the parties, by the express stipulation in the original contract, intended to, and did, fix the status of the vats as personal property, the possession of which was to be preserved and retained by the codfish company, and that it was likewise intended to preserve this status under the modified agreements. We do not think it will be disputed that the owner of real estate may contract or agree with his tenant that things used in the building and for that purpose attached to it may be treated as chattels and remain the property of the tenant, subject to removal at the termination of the lease. No authority will be required to establish that such is the law.

Appellant supports its contention upon the fact that no mention of the vats was made in the modified agreements. It is, however, apparent that the modified agreements were intended to relate simply to the method and time of making the deferred payments, and that it was at all times understood that the property was the same as described in the original

agreement, and that as to the property, no change was contemplated. Appellant further contends that the privilege of removing the vats as contained in the original agreement was optional and was never exercised, but was waived by the codfish company. We find no evidence of any waiver, or anything upon which such a claim can be based. The codfish company at all times maintained its right to the possession of the vats, and if the privilege of removal was optional, the option was exercised in favor of a removal as soon as it was finally determined that it could not continue its possession of the building as a tenant of the appellant.

The finding of the lower court is sustained and the judgment affirmed.

CROW, C. J., FULLERTON, MAIN, and ELLIS, JJ., concur.