[No. 31163. Department Two. May 12, 1950.]

SETH J. MARRION *et al., Respondents,* v. CHARLES H. ANDERSON, *Appellant.*[1]

[1]Reported in 218 P. (2d) 320.

*McMullen & Snider,* for appellant.

*R. DeWitt Jones,* for respondents.

HILL, J.—A seven-and-one-half-year farm tenancy having expired, the owners of the property, hereinafter called the landlord, sued the former tenant, hereinafter called the tenant, for damages because of the condition in which the farm was left and the removal or destruction of certain property, all of which constituted breaches of certain covenants in the lease. The tenant cross-complained and asked for damages to his hay, occasioned by the failure of the landlord to keep the roof of the barn in repair.

The trial court found for the landlord on numerous items of damage ranging from $15 to $250 and aggregating $1,261, and found against the tenant on his cross-complaint.

The tenant appeals, making twelve assignments of error, ten of the first eleven challenging the sufficiency of the evidence on various items of damage, either as to the fact of damage or the amount thereof, or both. The twelfth assignment of error challenges the failure of the court to award him judgment on his cross-complaint.

A discussion of each assignment of error would involve a detailing of the evidence on each item of damage and take several pages of our reports and be of interest to no one unless it be the litigants. We will content ourselves with the statement that, although the evidence is frequently in conflict, it is sufficient to sustain every finding of fact by the trial court.

On only four of the twelve assignments of error are there any citations of authority, and the law points involved are relatively few and simple. One somewhat novel argument relates to the destruction of a small orchard. The tenant urges that, since the land is worth more for dairy purposes than it was as an orchard, there can be no damage. This overlooks that fact that the landlord owns the premises and was entitled to have an orchard if he wanted it, or, as

we said in *Park v. Northport Smelting & Refining Co.,* 47 Wash. 597, 92 Pac. 442, "he is entitled to the benefit of his property intact." We pointed out in that case that where a part of the real property is destroyed, the loss may be estimated upon the dimunition in the value of the premises, if any results, or upon the value of the part severed or destroyed; and that the measure of damages should be adopted which would prove most beneficial to the injured party. The judgment for $75 for the destruction of the orchard was well within the evidence.

The one assignment of error among the first eleven that does not concern itself with the fact or the amount of damage as to certain items is No. 8, which raises a question as to whether title to certain articles had passed to the tenant by a bill of sale. It is there urged that a hot water heater, gas pump and mailbox which had been installed by the landlord prior to the tenancy and had been removed by the tenant, were equipment within the terms of a bill of sale from the landlord to the tenant covering "All cattle, horses, feed, seed, farm machinery and equipment, delivery trucks, and retail routes," which was executed at the time the parties entered into the lease. The tenant cites cases to the effect that the parol evidence rule is a rule of substantive law, with which we agree; but no parol evidence was necessary to indicate to any fair-minded man that the bill of sale was not intended to convey items so obviously fixtures (as between landlord and tenant) as the hot water heater, the gas pump and the mailbox. Nor do we see any basis for the tenant's contention that the bill of sale so clearly covered the furniture, dishes and utensils that it was a violation of the parol evidence rule to show that they were not intended to be conveyed by it.

Neither is there any substance to the claim that, if the water heater was converted by the tenant to his own use, it was done in 1940 or 1941, and that, therefore, the action for damages on that item was barred by the statute of limitations. The landlord would have no reason to believe that the water heater would not be returned when the lease expired, and his cause of action for the breach of cove-

nant to "return the premises to the lessors in as good condition as received or better" did not mature until the termination of the lease in 1947. 32 Am. Jur. 693, Landlord and Tenant, § 815. The action was commenced in 1948 and was therefore not barred by any statute of limitations.

 That the tenant had some hay damaged as the result of a leaking roof is established; there is also evidence that the landlord made all repairs as quickly as could reasonably be expected after the necessity therefor was reported to him. We have recently had occasion to point out that, before a lessee can recover damages from a lessor for breach of a covenant to keep in repair, he must establish timely notice to the lessor of the need for repairs and that the lessor failed to make them within a reasonable time under the circumstances. *Franklin v. Fischer,* 34 Wn. (2d) 342, 208 P. (2d) 902, and authorities there cited.

As previously indicated, it seems to us that there is evidence supporting every finding of fact made by the trial court and that it drew the proper conclusions of law therefrom. There being no reason to disturb any part of the judgment, it is affirmed in its entirety.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.