[No. 32046.   Department Two.   August 7, 1952.]

L. M. Becwar, *Respondent,* v. C. E. Bear, *Appellant.*[1]

[1]Reported in 246 P. (2d) 1110.

*A. O. Colburn,* for appellant.

*Hamblen, Gilbert & Brooke,* for respondent.

OLSON, J.—Defendant appeals from a judgment against him for the value of certain heating equipment, claimed to be trade fixtures, installed by plaintiff during his tenancy of a building under a lease from defendant's grantor, and allegedly converted by defendant to his own use by his refusing to permit its removal when the tenancy was terminated.

Three of defendant's assignments of error use the phraseology that the court "erred in holding," and a fourth that it "erred in failing to hold" in accord with certain contentions made by defendant.

Plaintiff submits that the issues on this appeal are narrowed because these assignments of error do not point out findings of fact by number and description, in compliance with Rule on Appeal 43, 34A Wn. (2d) 47, as amended. Not only is this contention correct, if they be considered as claims of error upon findings of fact, but also the word "holding" is not of definite connotation. It may refer to any ruling of the court during the trial. An assignment of error to a "holding" of the trial court is insufficient to present the making of a finding of fact to this court for review. *Edward L. Eyre & Co. v. Hirsch,* 36 Wn. (2d) 439, 446, 218 P. (2d) 888 (1950).

We consider them in this case as assignments of error upon conclusions of law. Such assignments do not bring up for review the facts found, upon which the conclusions are based. *Edward L. Eyre & Co. v. Hirsch, supra,* p. 447. We, therefore, accept the trial court's findings as the established facts of this case. *Lopeman v. Gee,* 40 Wn. (2d) 586, 587, 245 P. (2d) 183 (1952), and cases cited. This limits our inquiry regarding these claimed errors to the question of

whether or not the facts found support the conclusions of law. *LeCocq Motors v. Whatcom County,* 4 Wn. (2d) 601, 603, 104 P. (2d) 475 (1940).

The material facts established by the findings are: That plaintiff was a tenant of a building under a lease from defendant's grantor; that there was no heating equipment in the building; that the lease provided that the lessee would furnish his own heat; that it was necessary for plaintiff, in the conduct of his business, to heat a portion of the building, and that, with the consent of his lessor, he installed a boiler, an oil burner, and other equipment, in the basement beneath the leased premises; that, when defendant purchased the premises, he assumed the lease and knew that those installations had been made by the plaintiff to carry on his trade and business; that, prior to the expiration of the lease, when plaintiff was about to vacate the premises, defendant notified him not to remove the equipment; that none of the heating equipment was attached to the building, except by ordinary bolts and couplings, and it could have been removed without any damage whatsoever to the building; that plaintiff did not intend to make this equipment a part of the building, and placed it on the premises for the sole purpose of carrying on his trade; that the value of the property converted was one thousand fifty dollars; that the defendant was damaged in the sum of seventy-five dollars because of the manner in which certain property of plaintiff, other than heating equipment, was removed from the building. Parenthetically, we wish to state that we have examined the entire record in this case, and it appears that the evidence does not preponderate against the findings of the trial court.

Upon these facts, the court concluded that the heating installations were "trade fixtures" that plaintiff should have been permitted to remove from the premises, and judgment was entered against defendant in the sum of nine hundred seventy-five dollars.

The first "holding" attacked by defendant is that the heating installations were trade fixtures and removable by plaintiff. This is a conclusion. It is supported by the established facts and, therefore, not erroneous. The fact is that

plaintiff did not intend that the heating installations made while he was a tenant were to enrich the freehold by becoming a part of the building, but placed them there solely for the purposes of his trade. The intent of the party making the annexation is the cardinal inquiry in determining whether a chattel annexed to the freehold is a trade fixture or part of the realty. *Ballard v. Alaska Theatre Co.,* 93 Wash. 655, 662, 161 Pac. 478 (1916); *Whitney v. Hahn,* 18 Wn. (2d) 198, 204, 138 P. (2d) 669 (1943), and cases cited. Being trade fixtures, it follows that defendant should have permitted plaintiff to remove them when his lease expired.

The other "holdings" of the court assigned as error by defendant were not made and entered as conclusions of law by the trial court. No error can be assigned upon an oral statement or written memorandum of the court, as the final decision in an action at law is the judgment signed, based upon the court's findings of fact and conclusions of law. *Edward L. Eyre & Co. v. Hirsch, supra,* p. 446. There is nothing for us to review regarding these claims of error.

Defendant contends that the court erred in "failing to hold" that it was the duty of plaintiff, as tenant, to disclose his claims to defendant, an innocent purchaser for value, before his purchase. This conclusion would not have been justified in view of the fact that, when defendant purchased the premises, he knew that plaintiff had made the heating installations to carry on his business. The facts known to defendant were naturally and reasonably connected with, and furnished a clue to, plaintiff's intention to remove this equipment. With such knowledge, defendant is deemed to have had notice of all facts which reasonable inquiry would disclose. *Diimmel v. Morse,* 36 Wn. (2d) 344, 348, 218 P. (2d) 334 (1950), and cases cited. The court was not in error, as defendant contends, in this regard.

Defendant assigns error upon the value of the boiler found, and the measure of damages adopted, by the court. The market value of the boiler and of the other property at the time and place of its conversion by the defendant was the proper measure of recovery. *Anstine v. McWilliams,* 24 Wn. (2d) 230, 238, 163 P. (2d) 816 (1945); *Glaspey v.*

*Prelusky,* 36 Wn. (2d) 592, 595, 219 P. (2d) 585 (1950). Whether it be considered that the conversion was ordinary or willful is immaterial here. The amount determined being within the range of the testimony, the finding will not be disturbed. *Kenney v. Abraham,* 199 Wash. 167, 175, 90 P. (2d) 713 (1939), and case cited.

Defendant further contends that the award to him for damages to the premises, caused by plaintiff in the removal of his other equipment, should be increased, and, because it is for waste, any amount allowed should be trebled. Defendant made no allegation in his cross-complaint that plaintiff had committed waste. Any allowance in this regard first came into the case when the trial judge, after viewing the premises, discussed it in his oral decision. He properly refused to enter findings or conclusions upon the subject of waste, in the absence of evidence of substantial injury to the freehold. *Graffell v. Honeysuckle,* 30 Wn. (2d) 390, 398, 191 P. (2d) 858 (1948). The amount awarded was for comparatively minor repairs to the building. Plaintiff has not objected to this allowance, and we find no merit in defendant's contention regarding it.

There is no error in the denial of recovery upon defendant's second cause of action in his cross-complaint. No useful purpose would be served by a discussion of its allegations. The proof did not sustain them.

The denial of defendant's motion for a new trial was proper.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.

---

September 26, 1952. Petition for rehearing denied.