**UNITED STATES of America,**
**Plaintiff,**

v.

**F. B. DICKINSON & CO., a copartnership, et al., Defendants.**

**Civ. No. 3–637.**

United States District Court
S. D. Iowa, Central Division.

Dec. 21, 1956.

Roy L. Stephenson, U. S. Atty., Robert J. Spayde, Asst. U. S. Atty., Des Moines, Iowa, for plaintiff.

Peter W. Janss, John H. Neiman, Des Moines, Iowa, for defendants.

REEVES, District Judge.

Because of a congested grain situation in the State of Iowa, the Commodity Credit Corporation found it necessary to provide storage for large quantities of shelled corn in the year 1949. For that purpose an invitation was extended to contractors who might be willing and able to provide by contract such storage facilities.

The defendants responded to the invitation and made acceptable proposals. Further negotiations resulted in the cancellation of original contracts. But, on September 1, 1949, all prior contracts were canceled and a new one consummated. The defendant, F. B. Dickinson & Co., a copartnership, accepted a proposal containing the following recital:

> "It is further understood that you guarantee the structural soundness, weather and grain tightness of the erected buildings."

The buildings were not "structurally sound," nor did they possess a "weather and grain tightness." Severe damages not only accrued to the grain stored in such bins but the government, the real

party in interest, sustained heavy expenses in removing grain and repairing said bins.

Because of this, suit was brought against responsible parties under the contract, and by an agreed arrangement a special master was appointed pursuant to the provisions of Rule 53, Federal Rules of Civil Procedure, 28 U.S.C.A. After extensive hearings and the taking of a large amount of testimony, the special master made his report adversely to the defendants and recommended judgment as prayed by the government.

The record is voluminous and the details so complex that it would take a vast amount of time to examine the records in detail together with the extensive briefs of the parties.

The defendants have filed exceptions to the special master's report, and after elaborate and able arguments, both orally and by brief, the writer has reached the following conclusion:

1. An examination of the special master's report together with excerpts from the testimony considered by him discloses that the master was justified in recommending judgment for the plaintiff.

As authorized by said Rule 53, the court should accept and does accept the findings of fact made by the master as fully supported by the evidence. Nelse Mortensen & Co. v. Treadwell, 9 Cir., 217 F.2d 325; Patrol Valve Co. v. Robertshaw-Fulton Controls Co., 6 Cir., 210 F.2d 146.

2. Able counsel for the defendants put too narrow a construction upon the guaranty clause of the contract. It would be idle to say that such guaranty was but a temporary expedient. It covered the useful life of the structure. Since the buildings were not structurally sound, all other questions aside, plaintiff is entitled to judgment as recommended by the master and his report should be adopted.

Accordingly, the report of the special master should be and will be in all things confirmed and adopted. Counsel for plaintiff will prepare and submit a proper order of confirmation and adoption.