[No. 475-2.    Division Two.    February 18, 1972.]

SAM DEYOUNG, *Respondent,* v. JOSEPH SWENSON *et al.,*
*Appellants.*

*Gregory Nelson,* for appellants.

*Lester T. Parker* and *James M. Stewart* (of *Stewart &
Thomas, Inc., P.S.*), for respondent.

ARMSTRONG, J.—Defendant appeals from a judgment find-
ing him negligent in causing the burning and destruction of
plaintiff's barn.

The primary issues raised by this appeal are: (1)
Whether there is substantial evidence to support a finding
of common law negligence, and (2) Whether the trial court
utilized the proper formula in computing plaintiff's $12,000
award.

Plaintiff and defendant each owned a 40-acre parcel of
land adjacent to one another and separated by a county
road. Plaintiff's barn and other buildings were situated ap-
proximately 150 to 175 feet to the east of the county road
with defendant's house and several outbuildings located
about one-quarter mile west of the road. During the latter
part of June and early July, 1969, defendant was engaged

in cleaning debris and trash from a vacant house on his property and burning the rubbish in a trash pile some 35 feet north of the vacated dwelling. On the afternoon of August 2, 1969, a fire broke out in the empty dwelling situated alongside the burn pile area, destroying the house and several other of defendant's outbuildings. Subsequently, on the same afternoon, while defendant's buildings were burning, plaintiff's barn caught fire and was completely destroyed. The trial court found defendant negligent and awarded plaintiff damages for the loss of his barn.

Defendant contends that the evidence was insufficient to prove a case of common law negligence. He claims to have exercised reasonable care in preventing a fire on his land from spreading to plaintiff's property and that accordingly, any duty owed was not breached. He further contends that on the day of the fire there was a gale wind and that such wind constituted an intervening force sufficient to break the chain of causation.

The record fails to substantiate defendant's contentions. The testimony shows that although defendant dug a small ditch or fire trail around the burn pile, nevertheless the fire was not completely extinguished and continued to smolder from early July until August 2, 1969. This fact was borne out by the testimony of plaintiff DeYoung, Mr. Haas and Mrs. Simpson, who observed the emittance of smoke from the trash pile area in the hot afternoons. The record also disclosed that the area was tinder dry and conditions were highly inflammable. The alleged "gale" wind referred to by defendant on appeal was characterized by defendant on the stand as a "breeze", by plaintiff as a "strong wind", by Mr. Lohff as a "good wind" and by Mr. Haas as a "real strong wind." More significantly, westerly winds of the type involved in the instant case were shown to be common to the area during the summer and dry weather periods. Through the testimony of Clifford Lohff, Chief of the Elma Police Department, and others, the record reveals that on the day of the August 2 fire, burning embers and debris from defendant's buildings became airborne and were transferred

onto plaintiff's barn which subsequently ignited and burned to the ground.

■ In reviewing the entire record we think there is substantial evidence to uphold a finding of common law negligence on the part of the defendant. Since westerly winds of varying degrees were shown to be common to the region and therefore reasonably foreseeable, we find no merit to defendant's contention that such wind constituted an intervening cause sufficient to break the chain of proximate causation. Finding substantial evidence to support a case of common law negligence, it was not essential to plaintiff's recovery for the trial court to find defendant negligent per se. In view of the sufficiency of other independent evidence, such finding was not prejudicial to defendant's case and does not merit further discussion on appeal.

■ Defendant next contends that the trial court improperly computed plaintiff's damages and that the testimony of Mr. Kugan bore no relationship to market value. We do not agree. Where the wrong consists in the removal or destruction of some addition, fixture or part of real property, the loss may be estimated upon the diminution in the value of the premises, if any results; or upon the value of the parts severed or destroyed, and that valuation should be adopted which will prove most beneficial to the injured party, as he is entitled to the benefit of his property intact. *Park v. Northport Smelting & Refining Co.*, 47 Wash. 597, 92 P. 442 (1907); *Marrion v. Anderson*, 36 Wn.2d 353, 218 P.2d 320 (1950). The testimony of Mr. Kugan shows that he computed into his calculations the age and condition of the barn and allowed for depreciation accordingly.

The $12,000 award does not therefore represent the cost of replacing the identical building but rather the cost of replacing lost storage space to which plaintiff is entitled. It is our considered opinion that the award was reasonable and logically related to market value and substantiated by the evidence.

Although the trial judge admittedly acknowledged a

strong personal concern over the hazards of uncontrolled fire, we do not think such comments were so prejudicial as to deny defendant a fair and unbiased hearing of his theory of the case nor to warrant a reversal on appeal. The trial judge was simply giving expression to what a person might express concerning the danger of fire in a forest or rural region.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.