ELVA MAE KANE, as *Executrix, Appellant*, v. HENRY MILO TIMM et al., *Respondents*.

*Clifton W. Collins* (of *Collins & Hansen*), for appellant.

*Harvey Erickson* (of *Erickson & Worthington*) and *Howard E. Phillips*, for respondents.

McINTURFF, J.—Plaintiff appeals from that portion of holding that defendants were not guilty of committing waste upon real property. The plaintiff brings this action as executrix of the estate of Louise F. Timm against the defendant-lessees for waste upon real property belonging to the estate and leased to defendants from 1948 to 1972. Although plaintiff and defendant Henry Milo Timm (hereinafter referred to as defendant) are sister and brother, their relationship has deteriorated to animosity during the past few years.

Several improvements were made to the home by the defendant during the period 1965-71: (1) a kitchen sink and cabinet combination was installed and was attached to the house by pipes running up through the floor and connecting with the sink; (2) an exhaust fan in a wall constructed to replace a window; (3) two baseboard heaters attached to a wall by screws; and (4) carpeting and padding in several rooms attached to the floor by nailing strips and staples.

The basis for this action occurred when the property was sold by the estate to plaintiff and her husband. The plaintiff had been in the premises about 6 months earlier but had not seen the premises immediately prior to the sale. However, while the estate was attempting to sell the premises, the defendant allowed the home to be advertised as a "remodeled five-bedroom home." On viewing the property after purchase, it was discovered that the above improvements were missing, the defendant explaining that the items were taken by him when he moved because he regarded them as "personal items." The trial court found that all of the items taken, except the electric baseboard heaters, were fixtures and thus the plaintiff was entitled to their replacement value. However, the trial court denied treble damages and attorney's fees because the removal of these items did not constitute waste as contemplated by RCW 64.12.020.

The significant issue, then, is whether the removal of these items constituted waste. Waste is defined as:

> an unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession which results in its substantial injury. It is the violation of an obligation to treat the premises in such manner that no harm be done to them, and that the estate may revert to those having an underlying interest undeteriorated by any willful or negligent act.

*Graffell v. Honeysuckle*, 30 Wn.2d 390, 398, 191 P.2d 858 (1948). The key words are "substantial injury" and "touching real estate." In *Graffell* hardwood floors were torn up

and a bandstand dismounted. In *Dorsey v. Speelman*, 1 Wn. App. 85, 459 P.2d 416 (1969), the interior walls and ceilings of the house were torn out. In *DeLano v. Tennent*, 138 Wash. 39, 244 P. 273, 45 A.L.R. 766 (1926), the tenants not only removed equipment useful in the foundry business, but also in the process weakened the supports of the main building. In each of these cases there was material, substantial damage touching the very nature of the realty.

In the instant case there was no damage that touched the realty in a material way. The kitchen sink and cabinet combination was rebuilt and installed by merely connecting pipes to one another and fastening it to the floor; the floor was recarpeted without having to remove the staples, etc. The trial court properly concluded that the defendant did not cause substantial injury to the premises necessitating a finding of waste and consequential statutory damages.

The defendant argues that the domestic improvements were not fixtures because it is presumed that annexations made by a tenant are not made to enrich the landlord, citing *Becwar v. Bear*, 41 Wn.2d 37, 246 P.2d 1110 (1952). In opposition plaintiff contends that the domestic improvements were fixtures because of the method of their attachment to the house.

Intent is the cardinal inquiry in determining whether a chattel has become a fixture. *Becwar v. Bear, supra* at 40; *Forman v. Columbia Theater Co.*, 20 Wn.2d 685, 694, 148 P.2d 951 (1944); *Whitney v. Hahn*, 18 Wn.2d 198, 205, 138 P.2d 669 (1943). Even though the defendant testified at the trial that his intent was to regard these improvements as "personal items" secret intent is not controlling. It is determined from the surrounding facts and circumstances. *Strain v. Green*, 25 Wn.2d 692, 700, 172 P.2d 216 (1946); *Ballard v. Alaska Theatre Co.*, 93 Wash. 655, 662, 161 P. 478 (1916).

Apropos are two statements, one from *Ballard v. Alaska Theatre Co.*, *supra* at 663:

> [Intent is to be gathered] from the nature of the article affixed, the relation and situation to the freehold of the

party making the annexation, the manner of the annexation, and the purpose for which it is made.

The other is taken from *Washington Nat'l Bank v. Smith,* 15 Wash. 160, 169, 45 P. 736 (1896):

> [H]is intention must be gathered from circumstances surrounding the transaction and from what was said and done at the time, and cannot be affected by his state of mind retained as a secret.

We concur with the trial court's finding that these improvements were fixtures; in our opinion the following substantial evidence indicates that intent by the defendant: (1) the defendant was a tenant in this home since 1948; (2) the items were installed from 1965 to 1971; (3) the cabinet and sink combination was installed to "modernize" the kitchen; (4) the defendant participated in the arrangements for the sale of his home and allowed it to be publicly advertised as a "remodeled five-bedroom home"; (5) the lease was for an indeterminable period at will; and (6) the defendant, even though having had the opportunity, never verbally expressed his intent to remove these items except during the trial.[1]

The defendant cross-appeals and assigns error to findings of fact Nos. 8, 9 and 10.[2] Finding of fact No. 8 is not

---

[1]See discussion in Stoebuck, *The Law Between Landlord and Tenant in Washington: Part I,* 49 Wash. L. Rev. 291, 372-74 (1974).

[2]Finding of fact No. 8 reads as follows:

"That the Court finds that the Defendants thought they had a right to remove the same, although if it had not been for the bad feeling between the parties, the Court feels that the Defendants probably would not have removed said items. That the Defendant Helen M. Timm relished removing what was removed and in removing said items in such manner that it was not just the way it should have been done."

Finding of fact No. 9 is as follows:

"That the Plaintiff was required to expend for replacement carpeting the sum of One Thousand Four Hundred Nineteen [*sic*] and 78/100 Dollars ($1,419.78) which was an average price carpeting. In addition thereto the Plaintiff was required to expend the sum of Six Hundred Sixteen and 40/100 Dollars ($616.40) for the construction of a replacement built-in kitchen sink and cabinet combination, the plumbing and stove wiring, and were [*sic*] required to expend the sum of Thirty-Five and 95/100 Dollars ($35.95) for an exhaust fan. That the Plaintiff had

discussed as both counsel agree that it is not essential to the determination of any issues involved since, under RCW 64.12.020, questions of willfulness or wantonness are not involved. *Graffell v. Honeysuckle, supra* at 397. Finding of fact No. 10 concerns the finding that the items removed were fixtures. We have answered the contention earlier.

Lastly, it is contended that finding of fact No. 9 was based upon an improper measure of damages, that being the replacement costs of the carpet, cabinet and fan. The defendant contends that damages should have been computed in one of two ways, the first being the diminution in the value of the real estate, and the other being the market value of the items removed. The defendant cites *DeYoung v. Swenson*, 6 Wn. App. 452, 493 P.2d 1247 (1972), where the defendant was found negligent in causing the burning and destruction of a barn. The court said at page 454:

> Where the wrong consists in the removal or destruction of some addition, fixture or part of real property, the loss may be estimated upon the diminution in the value of the premises, if any results; or upon the value of the parts severed or destroyed, and that valuation should be adopted which will prove most beneficial to the injured party, as he is entitled to the benefit of his property intact. *Park v. Northport Smelting & Refining Co.*, 47 Wash. 597, 92 P. 442 (1907); *Marrion v. Anderson*, 36 Wn.2d 353, 218 P.2d 320 (1950).

In *DeYoung* the rule contemplates that if there is doubt as to what valuation should be used, the valuation that proves most beneficial to the injured party is the one to be applied by the court. *Accord, Park v. Northport Smelting & Ref. Co.*, 47 Wash. 597, 599, 92 P. 442 (1907); *see Burr v. Clark*, 30 Wn.2d 149, 158, 190 P.2d 769 (1948) (the measure

---

not asked for any damages for installation of the exhaust fan, having installed it themselves [*sic*], nor have they [*sic*] asked for damage for the removal of the laundry tub. That the Plaintiff expended the sum of Seventy-Nine and 59/100 Dollars ($79.59) for electric heaters."

Finding of fact No. 10 is as follows:

"That all of the items removed, with the exception of the baseboard heaters, were permanent improvements and were fixtures."

of damages is that which will afford an adequate compensation).

In *Burr v. Clark, supra* at 158, the court ruled that, where injury to realty is *temporary* and property may be restored to its original condition at a reasonable expense and at a cost less than diminution in value of the realty, restoration cost is the proper measure of damages. The *Burr* court at page 158 quoted the following statement from *Koyen v. Citizens' Nat'l Bank*, 107 Neb. 274, 185 N.W. 413, 414 (1921):

> "Property such as fences, parts of buildings, and machinery, and furnaces, is capable of being replaced, and the proper measure of damages for the destruction thereof is the cost of restoring or replacing such property. . . .

The corollary to the rule implicitly recognized in *Burr* and within the bounds of *DeYoung* is that, where injury to realty is *temporary* or *permanent* due to the removal of some property and it may be replaced at a reasonable expense and at a cost less than the diminution in the value of the realty, replacement cost is the proper measure of damages. *Cf. Olson v. King County,* 71 Wn.2d 279, 293, 428 P.2d 562, 24 A.L.R.3d 950 (1967).

The trial court's application for replacement costs as the measure of damages was proper.

Judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.

Petition for hearing denied November 25, 1974.